Filed 4/12/22  P. v. Hunt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092335 |
| Plaintiff and Respondent, | (Super. Ct. No. CR57914) |
| v. | |
| MICHAEL AVERY HUNT, | |
| Defendant and Appellant. | |

Defendant Michael Avery Hunt appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (unspecified statutory section citations that follow are to the Penal Code).  Defendant contends the trial court incorrectly relied on the opinion deciding the direct appeal from his conviction without considering several items of evidence he wanted to proffer and lacked sufficient evidence to conclude he was ineligible for relief beyond a reasonable doubt.  He also asserts he received ineffective assistance of counsel based on defense counsel's failure to present the same evidence to the court.  We find no prejudicial error and will affirm the trial court's order.

1

FACTS AND HISTORY OF THE PROCEEDINGS

The People request we take judicial notice of the unpublished opinion from defendant's direct appeal, *People v. Hunt* (Mar. 9, 1982, 3 Crim. 11199) [nonpub. opn.] (*Hunt*), and we will grant the request. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).) In our opinion, we described the underlying facts of defendant's conviction:

"On January 15, 1980, defendant and an accomplice, Michael Rinehart, accosted [the victim], the manager of a convenience market outside the store at about 4:30 p.m. [The victim] was carrying a bag containing the daily bank deposit of monies received from the previous 24 hours. Rinehart displayed a gun. [The victim] attempted to walk back to the store, whereupon shots were fired. Defendant shot [the victim] in the back and Rinehart shot him from the front. The cause of death was the bullet which entered [the victim's] back. The bag with the money was taken by defendant and Rinehart who fled by car." (*Hunt, supra*, 3 Crim. 11199.)

The prosecution charged defendant with robbery (§ 211) and first degree murder in the course of the robbery (§ 187), and alleged firearm use enhancements (§§ 12022, subd. (a), 12022.5) as to both counts. (*Hunt, supra*, 3 Crim. 11199.) "A jury found him guilty on all charges and that the weapon allegations and the special circumstances as to the murder were true." (*Ibid.*)

Defendant appealed and challenged the sufficiency of the evidence for premeditation as to the murder conviction. (*Hunt, supra*, 3 Crim. 11199.) We rejected the challenge, explaining: "As to planning, Rinehart, if not defendant also, knew [the victim] personally since Rinehart called out to [the victim], 'Stop, [victim].' Defendant and Rinehart had been observed loitering around the store before the time of the robbery and murder. When [the victim] failed to comply immediately with the command to 'drop it,' Rinehart ran from a short distance away with a gun pointed at [the victim] and shot [the victim] at close range from the front, while defendant almost simultaneously shot

2

him in the back from a distance of about two to five feet. A third shot, fired by one of the assailants, hit the grocery bag in which [the victim] was carrying the money. Rinehart grabbed the bag and both assailants ran. All of this is indicative that defendants knew [the victim] and his habits concerning daily cash deliveries to the bank. The jury could reasonably conclude that since both defendant and Rinehart were armed, did not attempt to disguise themselves, and shot [the victim] twice almost simultaneously upon confrontation (with a third shot which missed him), they had a preconceived plan to kill him, both to prevent identification and to assure their obtaining possession of the bag of money." (*Ibid.*) We modified defendant's sentence but otherwise affirmed the convictions. (*Ibid.*)

## *Defendant's Section 1170.95 Petition*

In 2019, defendant filed a petition for resentencing under section 1170.95. In the petition, defendant stated he had been prosecuted and convicted of murder under a theory of felony murder and could not now be convicted of murder because of changes made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). The petition also attached documents from defendant's case, including a complaint, jury instructions, verdict forms, an abstract of judgment, and a probation report, as well as legislative documents related to Senate Bill No. 1437. The trial court appointed counsel and issued an order to show cause. The court directed the parties to file prehearing briefing discussing whether the court could consider defendant's probation report and a minute order from the court's files. Both parties submitted briefing in conformance with the court's order.

## *The Order to Show Cause Hearing*

At the hearing, the court stated it had obtained the full court file for defendant's case, including the direct appeal opinion. Defense counsel argued the opinion was inadmissible hearsay, and the prosecution argued the evidence in the case established

3

beyond a reasonable doubt that defendant had committed "first degree murder with premeditation and deliberation." The court explained the changes made to section 189 by Senate Bill No. 1437, then explained it was entitled to consider the direct appeal opinion as part of defendant's record of conviction.

After reciting the facts from the opinion, the trial court explained: "On those facts alone, the Court has more than enough evidence to conclude that in the commission of a robbery this defendant was, in fact, the actual killer and that even if not the actual killer, he certainly acted with the intent to kill in aiding, abetting and assisting the actual killer in committing murder in the first degree. Likewise, based on the factors set forth in *People* [*v.*] *Banks* [(2015)] 61 Cal.4th 788 and *People* [*v.*] *Clark* [(2016)] 63 Cal.4th 522, in the alternative the Court would also find that the Defendant was a major participant in the underlying felony and acted with reckless indifference to human life.

"In light of the above findings, the Court is not considering in any matter [*sic*] and therefore need not rule on the admissibility of the probation report, the February 28th, 1983 minute order and/or the Federal Habeas pleadings.

"For all those reasons, Petitioner's petition for resentencing pursuant to . . . Section 1170.95 is denied." The court clarified that the factual findings were beyond a reasonable doubt.

Defense counsel objected, again arguing the direct appeal opinion was hearsay and asserting, "it would be more proper to hold an evidentiary hearing under 1170.95(d)(3) in which the People would have the burden beyond a reasonable doubt to prove that . . . he still fits the definitions of Section 188 and Section 189." The court overruled the objections.

4

## DISCUSSION

## I

### *Record of Conviction*

Defendant contends the trial court erred when it relied on the direct appeal opinion to the exclusion of other evidence. Defendant also argues the court erred when it took judicial notice of the probation report and minute order from his case. Because the court failed to consider "the full record to make an appropriate ruling," defendant argues, the court's order must be reversed.

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95 to provide a resentencing petition process for any "person convicted of felony murder or murder under a natural and probable consequences" theory. (§ 1170.95, subd. (a).) After a defendant submits a petition, the court must determine whether the petitioner has made a prima facie case that he or she is entitled to relief. (§ 1170.95, subd. (c).)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence . . . .' " (*People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt," that the petitioner is ineligible for relief. (§ 1170.95, subd. (d)(3).)

As a threshold matter, the trial court was entitled to consider the direct appeal opinion. After the close of briefing in this case, our Supreme Court concluded, in *Lewis, supra,* 11 Cal.5th at pages 970-972, that a trial court assessing a section 1170.95 petition at the prima facie stage is entitled to consider an earlier appellate opinion in the underlying case as part of the record of conviction. Consistent with this conclusion, the trial court could also consider the direct appeal opinion during its hearing under section 1170.95, subdivision (d). (*People v. Clements* (2021) 60 Cal.App.5th 597, 612-613, review granted Apr. 28, 2021, S267624; *People v. Harris* (2021) 60 Cal.App.5th 939, 953-954, review granted Apr. 28, 2021, S267802; *People v. Williams* (2020) 57 Cal.App.5th 652, 662-663.)

Similarly, defendant is incorrect that the court erred when it took judicial notice of the probation report and minute order in his case for the simple reason that the court did not, in fact, take judicial notice of these documents. Instead, the court explicitly stated it was not considering the probation report or minute order.

The overarching thrust of defendant's argument, however, is that the trial court made its decision without considering the full record in the case because the facts the court considered in the direct appeal opinion "are not an exhaustive or definitive recitation of the actual evidence adduced at trial." Rather, the court should have permitted defendant "to adduce new evidence to rebut the prosecution's case."

6

Defendant provides a list of evidence he believes should have been introduced at the hearing, including: (1) a police report with a witness statement that Rinehart, rather than defendant, shot the victim in the back; (2) testimony from Rinehart's trial by the police officer who took the report, attesting to the accuracy of the report; (3) an autopsy report showing the victim was killed by the shot that struck him in the back; (4) a ballistics report stating a .22-caliber bullet killed the victim, while defendant's gun was a different caliber; (5) testimony from Rinehart's trial by a witness who stated Rinehart fired the fatal shot; and (6) the prosecution's closing statement at Rinehart's trial, saying that "there's no way to tell whether Michael Hunt or Michael R[]inehart was the actual shooter of the round which cost [the victim] his life." Assuming the trial court erred when it made its decision without this evidence, we conclude the error was harmless.

As explained above, section 1170.95, subdivision (d) permits the parties to admit new or additional evidence in support of their positions. Thus, if the trial court erred in failing to admit such evidence, the court violated state statutory law and its error was harmless unless defendant can show it is reasonably probable he would have obtained a more favorable result absent the error. (*Lewis, supra*, 11 Cal.5th 952, at p. 973 ["when an 'error is purely one of state law, the *Watson* harmless error test applies' "]; *People v. Myles* (2021) 69 Cal.App.5th 688, 706 [evidentiary error at § 1170.95 order to show cause hearing assessed under *Watson* standard]; *People v. Johnson* (2016) 1 Cal.App.5th 953, 968 [applying *Watson* test to trial court's error involving exclusion of evidence in resentencing petition under Proposition 47].)

None of the evidence defendant proposes would have altered the outcome of the hearing. The autopsy report, which indicated the victim was killed by the shot that struck him in the back, is consistent with the court's finding at the hearing that "[t]he cause of death was the bullet which entered [the victim's] back." Moreover, the other evidence defendant lists goes only to the question of whether defendant was the actual killer, and does not address the trial court's findings that defendant: (1) with intent to kill, aided and

7

abetted the actual killer in committing murder in the first degree, and (2) was a major participant in the underlying felony and acted with reckless indifference to human life. As we will explain below, substantial evidence in the record supported at least one of these findings. Even after the passage of Senate Bill No. 1437, defendant could still be convicted of murder based on either of these findings, and would thus be ineligible for relief under section 1170.95. (§ 189, subd. (e).) Thus, had the court permitted defendant to admit this evidence, it is not reasonably probable he would have obtained a more favorable result. Any error, if there was one, was harmless.

## II

### *Sufficiency of the Evidence*

Defendant asserts, absent the "complete record," the evidence "does not support the court's conclusion that [he] 'acted with the intent to kill in aiding' the actual killer." Defendant argues the evidence similarly does not support a finding he was a major participant or acted with reckless indifference to human life. Finally, defendant claims the court was not permitted to make any factual findings as to defendant's intent because the original jury made "no finding with regard to [defendant's] intent to kill." We find no merit in defendant's contentions.

Initially, we reject defendant's contention that the trial court could not make *any* factual findings as to intent. As explained above, section 1170.95, subdivision (d) requires the prosecution to prove beyond a reasonable doubt that a defendant is ineligible for resentencing, based on the record of conviction or after the introduction of new or additional evidence. It would make little sense to require the prosecution to make factual arguments, but then forbid the trial court from making factual findings based on those arguments. (*In re Greg F.* (2012) 55 Cal.4th 393, 410 ["In interpreting a statute, courts are obligated to 'adopt a common sense construction over one leading to mischief or absurdity' "].) Nor is the trial court restricted to only those factual findings necessarily

made by the original jury in finding defendant guilty; it would not make sense to permit the introduction of new evidence, but then forbid the trial court from making findings based on that evidence simply because the original jury had not seen it. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage" of § 1170.95 review].) Moreover, neither of the cases defendant cites in support of his argument, *People v. Strike* (2020) 45 Cal.App.5th 143 and *In re Nelson* (2020) 56 Cal.App.5th 114, involve the consideration of petitions under section 1170.95, and they are thus inapplicable here. Having concluded the trial court was entitled to make factual findings as to defendant's eligibility for relief under section 1170.95, we proceed to consider whether those findings were supported by sufficient evidence.

We review the trial court's factual finding that defendant was a major participant and acted with reckless indifference to human life for substantial evidence. (*People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1087.) Under this standard, we review the record in the light most favorable to the judgment to determine if there is substantial evidence from which any rational trier of fact could find each element of the crime beyond a reasonable doubt. (*People v. Staten* (2000) 24 Cal.4th 434, 460.) Substantial evidence is evidence that is " 'reasonable in nature, credible, and of solid value.' [Citations.]" (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)

As stated, section 189, subdivision (e), provides that a participant in a robbery where a death occurs may still be liable for murder if the person was "a major participant in the [robbery] and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." This provision requires courts to "examine the defendant's *personal* role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*People v. Banks* (2015) 61 Cal.4th 788, 801, original italics (*Banks*).)

9

In *Banks*, the Supreme Court listed a number of factors to consider to determine whether a defendant qualified as a "major participant," including the role the defendant had "in planning the criminal enterprise," the role the defendant had in "supplying or using lethal weapons," whether the defendant was "present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death," and what the defendant did "after lethal force was used." (*Banks, supra*, 61 Cal.4th at p. 803.)  "No one of these considerations is necessary, nor is any one of them necessarily sufficient." (*Ibid*.)

In *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), our Supreme Court set forth a nonexclusive list of relevant factors defining "reckless indifference to human life," including:  (1) the defendant's knowledge of weapons used in the crime; (2) how those weapons were used; (3) the number of weapons used; (4) the defendant's physical proximity to the crime; (5) the defendant's opportunity to stop the killing or aid the victim; (6) the duration of the crime; (7) the defendant's knowledge of the killer's propensity to kill; and (8) the defendant's efforts, if any, to minimize the risk of violence during the crime.  (*Id.* at pp. 618-622.)  As with the major participant requirement, no one factor is entirely dispositive.  (*Id.* at p. 618.)

Here, the trial court considered *Banks* and *Clark* and concluded defendant was a major participant in the robbery and acted with reckless indifference to human life.  The record indicated defendant and Rinehart "knew [the victim] and his habits" because they waited outside his store when it was time for him to carry his bank deposits to the bank, suggesting the crime, and the murder, was planned.  (*Hunt, supra*, 3 Crim. 11199.)  Considering these facts, we previously concluded in the direct appeal opinion that there was sufficient evidence to establish "the two robbers killed the victim according to a preconceived plan," and their actions were indicative of "two people bent upon doing mortal harm in a cold, calculated way."  (*Ibid*.)  Additionally, defendant was armed with a gun during the crime—regardless whether it was the same gun that fired the fatal

10

shot—and was present at the scene of the killing. (*Ibid.*) Evidence also supports the conclusion that defendant fired his gun at the victim, although defendant currently disputes that fact. (*Ibid.*) In any case, defendant certainly did nothing to prevent or avert the murder, and defendant and Rinehart fled together with the victim's money after the murder. (*Ibid.*)

As to reckless indifference, there was no evidence suggesting defendant had knowledge of his codefendant's propensity to kill, which weighs in defendant's favor. The crime also appears to have occurred in a short period of time, although a reasonable factfinder could have concluded the fact defendant and Rinehart waited for the victim before committing the crime provided him an extended opportunity to stop the murder. (*Hunt, supra*, 3 Crim. 11199; *Clark, supra*, 63 Cal.4th at p. 619 [" 'the defendant's presence gives him an opportunity to act as a restraining influence on murderous cohorts. If the defendant fails to act as a restraining influence, then the defendant is arguably more at fault for the resulting murders' "].) As noted above, defendant and Rinehart were both armed, and there is evidence defendant used a firearm even if he was not the one who killed the victim. (*Hunt, supra*, 3 Crim. 11199; *Clark, supra*, 63 Cal.4th at p. 618 ["A defendant's *use* of a firearm, even if the defendant does not kill the victim or the evidence does not establish which armed robber killed the victim, can be significant to the analysis of reckless indifference to human life"].) Based on these facts, there was ample evidence for the trial court to find that defendant was a major participant in the robbery who acted with reckless indifference to human life. (*In re Scoggins* (2020) 9 Cal.5th 667, 676 [using " 'the robber who shoots someone in the course of the robbery, utterly indifferent to the fact that the desire to rob may have the unintended consequence of killing the victim as well as taking the victim's property' " as an exemplar of reckless indifference to human life].) Because this finding alone was adequate to find defendant ineligible for relief under section 1170.95, we need not consider whether the evidence was also sufficient to establish he acted with intent to kill in aiding and abetting the actual killer.

## III

### *Ineffective Assistance of Counsel*

Defendant further argues he received ineffective assistance of counsel because defense counsel did not present the new items of evidence, discussed above in part I, at the order to show cause hearing.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) A reviewing court may reject a claim of ineffective assistance of counsel without addressing both components if a defendant makes an insufficient showing as to either prong. (*Strickland*, at p. 697.)

Neither prong is met in this instance. First, defense counsel did, in fact, attempt to object to the trial court's use of the direct appeal opinion and requested "an evidentiary hearing under 1170.95(d)(3)," a request the trial court rejected. Once his objection had been overruled, defense counsel was not required to further press the point or describe the particular evidence defendant wanted to admit because any such argument would have been futile. (*People v. Kendrick* (2014) 226 Cal.App.4th 769, 780 [" '[D]efense counsel is not required to make futile motions or to indulge in idle acts to appear competent. [Citations.]' "].)

Second, as explained in part I, the admission of the particular items defendant identifies would not have made a difference in the outcome of the hearing. As defendant observes, the point of the documents was that they collectively "rebutted the prosecutor's argument that [defendant] fired the fatal shot." But the trial court's decision did not rest solely on its finding defendant was the actual killer; the court also found defendant was a major participant in the robbery who acted with reckless indifference to human life.

12

None of these items would have affected that finding, and it is not reasonably probable defendant would have received a more favorable result had defense counsel succeeded in submitting them into evidence.  (*Strickland v. Washington, supra,* 466 U.S. at pp. 693-694; *People v. Ledesma, supra*, 43 Cal.3d at pp. 217-218.)  We see no ineffective assistance of counsel.

DISPOSITION

The trial court's order on defendant's petition is affirmed.


_____

HULL, Acting P. J.



We concur:



_____

ROBIE, J.



_____

KRAUSE, J.